CLEM MOORE AND JANICE MOORE, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Moore v. Commissioner
Docket Nos. 8538-79, 8539-79, 8540-79, 8541-79, 8542-79, 8543-79, 8544-79, 21865-80.
United States Tax Court
T.C. Memo 1983-352; 1983 Tax Ct. Memo LEXIS 437; 46 T.C.M. (CCH) 473; T.C.M. (RIA) 83352; June 15, 1983. *437 D. Derrell Davis, for the petitioners in docket Nos. 8538-79 through 8544-79. H. David Blair, for the petitioners in docket No. 21865-80. Rebecca W. Wolfe, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in the petitioners' Federal income tax for the taxable years as set forth below: Petitioners
Year
Deficiency
FYE
Clem Moore and Janice Moore
3/31/75
$11,645.00
Alan F. Moore and
1974
1,060.00
Linda B. Moore
Donna J. Moore
1974
137.16
Andrew N. Moore and
1974
965.00
Reba Nell Moore
Andrew N. Moore, III
1974
137.16
Christie E. Moore
1974
137.16
Tera J. Moore
1974
137.16
George L. Davis and
1974
42,491.59
Hester L. Davis
After concessions, the issues for decision are: (1) Whether petitioners George L. Davis and Clem Moore were partners in a partnership. Based upon our resolution of this issue, we must then decide (2) how the various petitioners should treat, for tax purposes, the transfer of certain property to George Davis, to wit: as a distribution in liquidation of a partnership interest or as the payment *438 of wages for services rendered, and if as wages, whether certain petitioners should recognize capital gain on the transfer. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and stipulated exhibits are incorporated herein by this reference. All petitioners resided in the State of Arkansas at the time they filed their petitions in this matter. Petitioners Clem and Janice Moore filed a joint Federal income tax return for the taxable year ended March 31, 1975. A statutory notice of deficiency for the taxable year ended March 31, 1975, was timely mailed to petitioners Clem and Janice Moore on March 19, 1979. Petitioners Alan F. and Linda B. Moore filed a joint Federal income tax return for the taxable year 1974. A statutory notice of deficiency for the taxable year 1974 was timely mailed to petitioners Alan F. and Linda B. Moore on March 19, 1979. Petitioners Andrew N. and Reba Nell Moore filed a joint Federal income tax return for the taxable year 1974. A statutory notice of deficiency for the taxable year 1974 was timely mailed to petitioners Andrew N. and Reba Nell Moore on March 19, 1979. Petitioners Donna J. Moore, Andrew N. *439 Moore, III, Christie E. Moore, and Tera J. Moore did not file Federal income tax returns for the taxable year 1974. On March 19, 1979, these petitioners were timely mailed statutory notices of deficiency for the taxable year 1974. Petitioners George L. and Hester L. Davis filed a joint Federal income tax return for the taxable year 1974. A statutory notice of deficiency for the taxable year 1974 was timely mailed to petitioners George L. and Hester L. Davis on September 29, 1980. On March 8, 1961, George L. Davis entered into a contract with Nelse W. Barnett to purchase certain real property, consisting of approximately 806 acres in Independence County, Arkansas. As part of the purchase price for the 806 acres, George Davis conveyed his equity interest in his home and 30 acres to Nelse Barnett. Under the terms of the contract dated March 8, 1961, George Davis was to pay Nelse Barnett an additional $10,000 in yearly installments of $500, plus interest at 6 percent per annum. The first interest payment was due on January 1, 1962, and the first payment on the principal was due on January 1, 1964. George Davis and Mr. Barnett had a disagreement as to certain additional obligations *440 of Mr. Barnett under their agreement, so on December 15, 1961, Barnett sold the property to Clem Moore, subject to George Davis' rights under the March 8, 1961, contract. George Davis then, by oral agreement, formed a partnership with Clem Moore's son, Andy, to raise cattle on the Barnett land, in which both he and Clem Moore had an interest. Under their agreement George Davis and Andy Moore were equal partners. Clem Moore agreed to lend the partnership, at 6-percent interest, the money it needed to operate. Andy contributed a herd of cattle to the partnership. Davis was to receive a one-half interest in all the partnership property once the Moores were repaid their investment. They operated on this basis for several years. In 1965 Clem Moore, who had bought some land adjoining the land that George Davis and Andy Moore had been ranching, contributed this land to the partnership and Andy, Clem and George all became equal partners with a one-third share each of the partnership. This was done by oral agreement among the three men. At this time Andy was going off to college.
Clem Moore kept the books of the partnership. These books consisted of a single-entry book of account in *441 which he recorded all items of expense and income and all capital contributions and expenditures. None of the partners received any profits from the cattle operation. All profits were applied to repay the working capital loan due to Clem Moore and to pay Clem Moore for his interest in the land used by the partnership. Beginning after Andy went to school, the partnership agreed to pay George Davis $100 a month to do Andy's share of the work. The partnership, throughout its history, was indebted to Clem Moore for the capital which he lent it.The partnership was unable to pay down the principal on this loan, so the partners agreed that in any month in which George Davis would forgo his $100 a month payment then $300, or $100 from each partner, would be applied to offset the principal amount of the partnership debt to Clem Moore. From 1961 through 1973 the cattle partnership operated under the name of Davis and Moore. In 1970, Clem Moore formed a family partnership with his children and grandchildren, the other petitioners in this case. Gifts of real property totaling approximately 2200 acres, including the real property involved in the cattle operation, were made by Clem and *442 Janice Moore to the family partnership. At the time this property was transferred from Clem Moore to the family partnership, Clem Moore acknowledged to his accountant that George Davis had a "working interest" in the property. On occasion Clem Moore introduced himself as George Davis' partner. In 1971, Clem Moore indicated to George Davis that he wanted to sell all of the assets of the cattle operation. These assets were not sold because George Davis objected. After the formation of the family partnership, Clem Moore turned the books of account for the cattle operation over to George and Hester Davis. Hester Davis opened a bank account for the partnership in the name of Davis and Moore Farms. On April 17, 1973, George L. Davis filed a suit against Clem and Janice Moore in the Chancery Court of Independence County, Arkansas.On June 6, 1974, this suit was settled pursuant to an agreement between George Davis and Clem and Janice Moore. As a result of the above agreement, Clem and Janice Moore transferred approximately 540 acres valued at $82,940 to George and Hester Davis by deed dated June 6, 1974, and equipment valued at $5,349. On its partnership Federal income tax return *443 for the reporting year 1974, the Moore family partnership reported an ordinary loss in the amount of $74,934 which included a deduction for labor hired in the amount of $88,289 for the distribution of property to George Davis. It also separately reported $53,145 as long-term capital gain resulting from the distribution of property to George Davis. Clem and Janice Moore reported on their Federal income tax return for the fiscal year ended March 31, 1975, an ordinary loss from partnership income in the amount of $23,980 and a net long-term capital gain from partnerships in the amount of $17,005, representing their distributive share of the family partnership's items of income and expense. Alan F. and Linda B. Moore reported on their Federal income tax return for the taxable year 1974 an ordinary loss from partnership income in the amount of $5,995 and a net long-term capital gain from partnerships in the amount of $4,252, representing their distributive share of the family partnership's items of income and expense. Andrew N. and Reba Nell Moore reported on their Federal income tax return for the taxable year 1974 an ordinary loss from partnership income in the amount of $5,995 and *444 a net long-term capital gain from partnerships in the amount of $4,252, representing their distributive share of the family partnership's items of income and expense. Donna J. Moore, Andrew N. Moore, III, Christie E. Moore and Tera J. Moore did not file Federal income tax returns for the taxable year 1974. George and Hester Davis did not report any income from the distribution of land and equipment on their Federal income tax return for the taxable year 1974. The Commissioner, in his statutory notices of deficiency for the Moore petitioners, determined that the amount claimed by the partnership as wages paid to George Davis was a settlement of a partnership interest and therefore not deductible. He also determined that the land transferred to George Davis was in settlement of a partnership interest and not a sale of land. Accordingly, he made adjustments to the reported incomes of Clem and Janice Moore, Alan F. and Linda B. Moore, and Andrew N. and Reba Nell Moore to reflect increases to their reported ordinary income to the extent of their share of the claimed wage deduction and decreases in their reported capital gain to the extent that their reported capital gain was attributable *445 to the land distributed to George Davis. In his statutory notices of deficiency for the Moore petitioners who did not file Federal income tax returns for the taxable year 1974, the Commissioner determined that these petitioners had taxable income to the extent of their distributive share of partnership income as that partnership income was determined by the Commissioner. In the statutory notice of deficiency for George and Hester Davis, the Commissioner determined that their taxable income should be increased by a distribution of $94,113.32 from the Davis & Moore partnership representing compensation for services rendered. ULTIMATE FINDING OF FACT George Davis, Andy Moore and Clem Moore were members of a partnership for Federal tax purposes. The real property and equipment transferred to George Davis was a distribution in liquidation of his partnership interest. OPINION In 1961 George Davis entered into a contract to purchase some land on which he hoped to raise cattle. After transferring certain property to the seller he and the seller had a disagreement which ultimately resulted in the seller selling the property to Clem Moore, subject to Davis' rights under the contract. *446 Davis then went into partnership with Clem Moore's son, Andy, to raise cattle on the land. They started with Davis' interest in the land that was also owned by Clem Moore, with some cattle that Andy contributed to the partnership and with Clem Moore's agreement to lend the partnership the money it needed to operate. Davis was to receive a one-half interest in all partnership property once the Moores were repaid their investment. The profits of the partnership were paid to Clem Moore as interest on his operating capital loan and to pay him for his interest in the land. In 1965 Clem Moore contributed some adjoining land that he had purchased and became a third, equal partner in the partnership of Davis and Moore. The parties eventually had a falling out and Davis sued Clem and Janice Moore for his share of the partnership property. Clem and Janice transferred certain land and equipment to George and Hester Davis in settlement of this lawsuit. This property had been transferred by Clem and Janice Moore to a family partnership. Before addressing the issues on their merits, we will consider certain evidentiary questions that were not decided at trial but were briefed by the *447 parties for our subsequent resolution. The Moore petitioners object to the admission of certain exhibits as evidence. These exhibits are (1) Ex. 16-P, complaint filed by George Davis in the Chancery Court of Independence County, Arkansas, in the matter of George L. Davis versus Clem Moore and Janice Moore (the Complaint by Davis); (2) Ex. 19-S, entitled Agreement, which represents the settlement agreement entered into by the parties as a result of the legal action brought by George Davis (the Settlement Agreement); (3) Ex. 20-T, Complaint in Equity filed by Clem and Janice Moore in the Chancery Court of Independence County, Arkansas, in the matter of Clem Moore and Janice Moore, his wife, versus George L. Davis and Hester L. Davis, his wife, (the Complaint by Moore); and (4) Ex. 31-AE, a brief entitled Reply to Amended Memorandum Brief of Defendants, filed by the attorneys for Clem and Janice Moore in the matter commenced by Clem and Janice Moore as described in (3), above, (the Moore Brief). Petitioners Moore object to Ex. 19-S, the Settlement Agreement as inadmissible under Rule 408, Federal Rules of Evidence.Rule 408 provides as follows: *448 Rule 408. Compromise and Offers to Compromise
Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is represented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. The evidence the Moore petitioners seek to exclude is the Settlement Agreement pursuant to which the property in question was transferred from Clem and Janice Moore and the Moore family partnership to George Davis. It was this transfer which resulted in the taxable *449 transaction at issue. Respondent argues that the Settlement Agreement was not offered to prove the liability of Clem and Janice Moore but to enable the Court to be fully informed of the transfer. We will admit Ex. 19-S for the limited purpose of showing the terms of their settlement. The Moore petitioners object to the remaining documents in dispute as "hearsay * * * [that] cannot be admitted as admissions on behalf of" Clem and Janice Moore. They argue that the Federal Rules of Civil Procedure provide for very liberal construction of pleadings and in this context statements in these documents referring to a partnership between Clem Moore and George Davis do not reflect affirmative allegations of a partnership nor admissions of a partnership but merely the draftsman's careless use of language. Although the Moore petitioners do not refer to the Federal Rules of Evidence in stating their argument, they presumably rely on the general Rule 802, Federal Rules of Evidence, that hearsay is not admissible except to the extent provided in the Federal Rules of Evidence. Respondent, however, maintains that the disputed documents are not hearsay because they represent admissions by a *450 party-opponent under Rule 801(d)(2), Federal Rules of Evidence. The pertinent part of that rule provides: (d) Statements which are not hearsay. -- A statement is not hearsay if -- (2) Admissions by party-opponent. -- The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity, or (B) a statement of which he has manifested his adoption or belief in its truth, or (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy. Ex. 16-P, the Complaint by Davis, is not admissible as an admission by Clem and Janice Moore for the obvious reason that it does not represent a statement by the Moores. Neither the Davis petitioners nor respondent provide an alternative reason for admission. Accordingly, it will not be admitted as evidence. *451 Exs. 20-T and 31-AE are Clem and Janice Moore's complaint in the legal action that they instituted and a brief prepared on their behalf in the same matter. Ex. 20-T, the Complaint by Moore, was verified by Clem Moore, stating "on oath that the matters and things set forth in the foregoing complaint are true and correct to the best of his knowledge and belief." The Complaint by Moore is clearly admissible under the adoptive admission exception from the definition of hearsay of Rule 801 (d)(2)(B). United States v. Morgan,581 F.2d 933 (D.C. Cir. 1978); United States v. Johnson,529 F.2d 581 (8th Cir. 1976). Ex. 31-AE, the Moore Brief, is admissible as not hearsay under Rule 801(d)(2)(D) because a brief submitted by an attorney on behalf of a party in a lawsuit commenced by that party is clearly a statement made within the scope of the attorney's agency. The arguments on which the Moore petitioners rely more appropriately bear on the weight to which this controverted evidence should be given, and we will be considerate of these arguments in that context. We will now turn to the substantive issues. Whether a partnership exists for Federal tax *452 purposes is a question of Federal rather than state law. Estate of Kahn v. Commissioner,499 F.2d 1186, 1189 (2d Cir. 1974). The essential question is whether the parties intended to, and did in fact, join together for the present conduct of an undertaking or enterprise.See Commissioner v. Culbertson,337 U.S. 733 (1949).This determination is factual by its very nature. In making the determination we will consider numerous factors, none of which is conclusive. Luna v. Commissioner,42 T.C. 1067 (1964). We have found as a fact that George Davis, Andy Moore and Clem Moore were partners in a partnership. While Clem Moore denies this, he was not forthright with the Court as to his son's involvement in the events. We did not find him to be a credible witness, based upon our general impression of his demeanor and his testimony at trial. In contrast, we found George and Hester Davis to be forthright and credible. We need not base our decision solely on the testimony, however, as there is substantial objective evidence that the parties held themselves out to be and in fact operated as a partnership. Supplies were purchased in the *453 name of Davis and Moore. Clem Moore did not object to this and more often than not personally paid the bills. Cattle was sold under the name Davis and Moore. A bank account was established under the name Davis and Moore Farms. Clem Moore on occasion introduced himself to third parties as a partner. After the parties resolved the Davis suit by a Settlement Agreement, Clem and Janice Moore sued the Davises on the basis of that Settlement Agreement, maintaining in the documents that were prepared by their attorney, one of which Clem Moore verified as true, that the property in question was partnership property. The Moore petitioners argue that the nature of the agreement between the Moores and Davis could not constitute a partnership because Davis contributed no property to the relationship and was only promised a future interest of the cattle operation assets when Clem Moore was repaid with interest. This argument ignores the interest of the Davises in the land used by the cattle operation. We have found, on the basis of the contract which he entered into with Mr. Barnett and pursuant to which he transferred his equity interest in his home and 30 acres to Mr. Barnett, that he *454 had an interest in this land. Clem Moore purchased this property subject to George Davis' rights under that contract. Having decided that a partnership existed, we agree with petitioners Davis and the respondent that what the Davises received pursuant to the Settlement Agreement was a distribution in liquidation of a partnership interest and not the payment of wages for services rendered. Decisions will be entered for the respondent in docket Nos. 8538-79 through 8544-79.
Decision will be entered for petitioners in docket No. 21865-80.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Alan F. Moore and Linda B. Moore, docket No. 8539-79; Donna J. Moore, docket No. 8540-79; Andrew N. Moore and Reba Nell Moore, docket No. 8541-79; Andrew N. Moore, III, docket No. 8542-79; Christie E. Moore, docket No. 8543-79; Tera J. Moore, docket No. 8544-79; and George L. Davis and Hester L. Davis, docket No. 21865-80.↩